IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                 Plaintiff,                        ORDER

          v.                             06-CR-208-bbc-02

TOMSHALYNN HARDIN,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Tomshalynn Hardin's supervised release was held on June 25, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Meredith P. Duchemin. Defendant was present in person and by counsel, William Jones. Also present was Senior United States Probation Officer Helen Healy Raatz.

From the record and the parties' stipulation, I make the following findings of fact.


FACTS

Defendant was sentenced in the Western District of Wisconsin on July 18, 2008, following her conviction for distribution in excess of 5 grams of crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. This

offense is a Class B felony.  She was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 24 months, with a 48-month term of supervised release to follow.

Defendant began her term of supervised release on August 8, 2008.  On January 29, 2010, I modified her conditions of release to include placement at a residential reenty center for up to 90 days to allow her to focus on her mental health counseling and substance abuse treatment and to secure employment.

Defendant violated Special Condition No. 5 requiring her to abstain from the use of alcohol and illegal drugs, as shown by her submission of urine specimens on May 7, July 22, July 23, July 27, August 3, and August 10, 2009, and January 14, June 3, June 9, and June 18, 2010, all of which tested positive for marijuana.

Defendant's conduct falls into the category of a Grade C violation.  Under 18 U.S.C. § 3583(g)(4), revocation of supervised release is mandatory when a defendant tests positive for illegal drug use more than three times over the course of one year.

## CONCLUSIONS

Defendant's violations require revocation.  Accordingly, the 48-month term of supervised release imposed on defendant on July 18, 2008, will be revoked.

Defendant's criminal history category is I.  With a Grade C violation, defendant has

an advisory guideline range of imprisonment of 3 to 9 months.  The statutory maximum to which she can be sentenced upon revocation is three years, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which the defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range.  The intent of this sentence is to make a clear record that the defendant violated her conditions of release, while allowing her continue to receive her social security benefits.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on July 18, 2008 is REVOKED and defendant is sentenced to one day in custody with credit for her court appearance.  A 24-month period of supervised release shall follow.  All standard and special conditions of supervised release previously imposed shall remain in effect.

3

Defendant is to remain registered with local law enforcement agencies and the state attorney

general.

Entered this 25th day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge