IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                            ORDER

      v.                                    06-cr-208-bbc-02

TOMSHALYNN HARDIN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Tomshalynn Hardin's supervised release was held on November 18, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Meredith P. Duchemin. Defendant was present in person and by counsel, William Jones. Also present was U.S. Probation Officer Michael J. Nolan.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on July 18, 2008, following her conviction for distribution in excess of 5 grams of crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. This offense

is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 24 months, with a 48-month term of supervised release to follow.

Defendant began her first term of supervised release on August 8, 2008. On January 29, 2010, I modified defendant's conditions of supervised release to include placement at a residential reenty center for up to 90 days to allow defendant to focus on her mental health counseling and substance abuse treatment and to secure employment.

On June 25, 2010, defendant's first term of supervised release was revoked because she had multiple positive urine specimens for marijuana. Defendant was sentenced to a one-day term of imprisonment, time served, to be followed by a 24-month term of supervised release.

Defendant began her second term of supervised release on June 25, 2010. On October 1, 2010, defendant violated the mandatory condition prohibiting her from committing another federal, state or local crime when she was arrested and charged with maintaining a drug dwelling, possession of cocaine, possession of marijuana and delivery of marijuana. These charges were the result of a search of her residence that turned up cocaine, marijuana and drug paraphernalia. In July, August and September 2010, defendant violated Standard Condition No. 2, requiring her to submit a written monthly report within the first five days of each month, when she failed to submit timely reports for June, July and August

2010.  On August 24, 2010, defendant violated Special Condition No. 5, requiring her to abstain from the use of illegal drugs, when she submitted a urine specimen that tested positive for marijuana.  On July 13, 2010 and on August 3, 2010, defendant violated Special Condition No. 6, requiring her to participate in mental health counseling and treatment, when she failed to attend mental health counseling as directed by the supervising U.S. probation officer.

Defendant's conduct falls into the category of a Grade A violation.  Under 18 U.S.C. § 3583(g)(1), revocation of supervised release is mandatory when a defendant possesses a controlled substance.

CONCLUSIONS

Defendant's violations require revocation. Defendant's criminal history category is I. With a Grade A violation, she has an advisory guideline term of imprisonment of 12 to 18 months.  The statutory maximum to which defendant can be sentenced upon revocation is three years under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than  three years if the offense for which defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence near the top of the guideline range.  The intent of this

sentence is to hold the defendant accountable for her violations and protect the community..

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Tomshalynn Hardin on June 25, 2010 is REVOKED and defendant is sentenced to 16 months' custody with no supervised release to follow.

Entered this 18th day of November, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB

District Judge